Honorable Gibson D. Lewis Speaker of the House Texas House of Representatives P. O. Box 2910 Austin, Texas 78711
Re: May a legislator accept a teaching position at a public institution of higher education if the compensation paid therefor is derived from private funds donated to the university
Dear Speaker Lewis:
Your letter requesting an opinion of this office reads:
A member of the Texas House of Representatives is interested in a part-time instructor's position with a component of the University of Texas System. He would be compensated out of private funds donated to the University. I respectfully ask your opinion on the following:
 May a member of the Texas House of Representatives teach on a part-time basis at a state funded university, if he is compensated from private funds donated to the university?
In a follow-up letter you advise:
 With regard to the above referenced opinion request it is my understanding that the member of the Texas House of Representatives will receive compensation from his teaching activities from a foundation or institution separate from and unconnected with the University of Texas at Tyler.
The concluding sentence of article XVI, section 40, of the Texas Constitution reads:
 No member of the Legislature of this State may hold any other office or position of profit under this State, or the United States, except as a notary public if qualified by law.
This language was added in 1972.
In Attorney General Opinion MW-403 (1981), after noting that a different construction of the language would render section 40 internally inconsistent, this office concluded that the provision would not prevent a legislator from holding any additional military office or soil and water conservation district office. This results because another part of section 40 specifies that `nothing in this Constitution' shall be construed to prohibit military officers or officers of soil and water conservation districts from `holding at the same time any other office or position of honor, trust or profit.'
If the legislator serves the university strictly as a volunteer, being neither paid nor formally employed by it, we do not believe this provision will be violated. The source of the legislator's income would then be immaterial unless its receipt were conditioned on his continued assignment by the university. See Educ. Code §§ 76.01, 76.05, 65.36; Attorney General OpinionMW-373 (1981).
 SUMMARY
A member of the Texas House of Representatives may volunteer his services as a part-time instructor at a state funded university without violating article XVI, section 40, of the Texas Constitution.
Very truly yours,
 Jim Mattox Attorney General